IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,
    Plaintiff,

vs.                                Case No. 3:11cv291/MCR/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

**ORDER**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 5).

    Upon review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under § 1983. The court will therefore allow Plaintiff an opportunity to clarify his allegations in an amended complaint.

    Plaintiff names the State of Florida and Walton County as Defendants (*see* doc. 1 at 1, 2).[1] He states in May and September of 2005, he was falsely arrested in Bay County, Florida (*id.* at 9).[2] He states a violation of probation ("VOP") warrant issued from Walton County on September 20, 2005, but it was "held" and not immediately executed (*id.*). Plaintiff states on May 29, 2007, he was sentenced to two (2) years of imprisonment on the VOP (*id.*). He contends if the VOP warrant had been timely and properly executed, his two-year sentence would have expired sooner (*id.* at 9–10). He claims the VOP conviction and sentence violated his Fifth Amendment rights to due process,

---

[1] The page references used in this Order reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

[2] Plaintiff indicates these allegedly false arrests are the subject of other civil rights lawsuits filed in this court (doc. 1 at 9).

reasonable bail, and to be free from double jeopardy (*id.* at 9–11).  Plaintiff seeks compensatory and punitive damages for mental anguish, intentional infliction of emotional distress, negligence, anxiety, sleeplessness, and nightmares (*id.* at 11).

Plaintiff is advised that the holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) appears to bar his claims.  In Heck, the Supreme Court stated that an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Id.* at 2372.  In the instant case, Plaintiff does not allege the VOP conviction or sentence has been reversed, declared invalid, or called into question by a federal habeas court.  Therefore, his § 1983 claim appears barred.

Additionally, Plaintiff has failed to state a claim against Walton County.  "[A] municipality cannot be held liable under § 1983 on a respondeat superior theory" for the actions of municipal employees.  *See* Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Municipal liability under § 1983 only exists when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers."  *Id.* at 694; *see also* Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir.2003) (stating that "municipalities may be held liable for the execution of a governmental policy or custom"); Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir. 2000) ("[R]ecovery from a municipality is limited to acts that are, properly speaking, acts 'of the municipality' that is, acts which the municipality has officially sanctioned or ordered.") (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 478, 106 S. Ct. 1292, 1298, 89 L. Ed. 2d 452 (1986)).  To hold the municipality liable, there must be "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."  Snow ex rel. Snow v. City of Citronelle, AL, 420 F.3d 1262, 1271 (11th Cir. 2005) (quoting City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

In the instant case, Plaintiff does not allege facts suggesting the improper execution of the warrant was pursuant to a policy or custom of Walton County. Therefore, he has failed to state a basis for liability as to Walton County.

Plaintiff is also not entitled to the relief he seeks. His allegations fail to show he is eligible to recover compensatory or punitive damages, because he has not alleged a physical injury resulting from the improper execution of the warrant. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). Additionally, the Eleventh Circuit held that § 1997e is applicable to prisoners who were confined at time action was filed but were released from confinement before district court entered judgment against them. Harris, 216 F.3d at 981–82.

In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd*. 263 F.3d 169 (11th Cir. 2001) (Table), *cert. denied*, 536 U.S. 906, 122 S. Ct. 2362, 153 L. Ed. 2d 183 (2002) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury).

In the instant case, Plaintiff does not remotely allege a physical injury resulting from the delayed execution of the VOP warrant. Therefore, he is not entitled to compensatory and punitive damages.

Finally, Plaintiff is advised he cannot recover monetary damages against the State of Florida. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974). Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits Plaintiff's suit against the State of Florida in federal court. Kentucky v. Graham, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

Plaintiff should carefully review the foregoing to determine whether he can state a claim for relief against Defendants. If Plaintiff determines he does not wish to proceed with this case, he should file a notice of voluntary dismissal. If Plaintiff determines he wishes to proceed with this action, he must file an amended complaint clarifying his allegations. Plaintiff shall completely fill out a new civil rights complaint form, marking it "**Amended Complaint**." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the section titled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Finally, in the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this court. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. Local Rule 15.1, Northern District of Florida.

Plaintiff should file the amended complaint with an original signature and keep an identical copy for himself. He should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file a witness list or submit exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment. Furthermore, Plaintiff should not

submit service copies of his complaint unless and until the court directs him to do so.  Finally, Plaintiff is advised that discovery is premature at this stage of the case, and Plaintiff should not conduct any discovery without leave of court.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "**Amended Complaint**."  Alternatively, Plaintiff shall file a notice of voluntary dismissal within that time.

3. Failure to comply with an order of the court will result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 25th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**